FILED

FEB 12 2025

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Party Name, Address, Telephone &
FAX Nos. & Email Address:
Calvin Tu Chen
5218 W. Ballast Ave.
Santa Ana, CA 92704
Telephone: 714-417-8242
Email: calvintuchen@gmail.com

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re,<br><br>CALVIN TU CHEN<br><br>          Debtor(s),<br><br>CALVIN TU CHEN<br><br>          Plaintiff(s),<br><br>vs.<br><br>US DEPARTMENT OF EDUCATION,<br>LOAN SERVICER NELNET,<br>UNIV. OF SOUTHERN CALIFORNIA<br><br>          Defendant(s). | Case No.: 8:25-bk-10317-SC<br><br>Chapter: 7<br><br>Adversary No.:<br>Title: Dischargeability § 523 (a)(8),<br>Student loan<br>☐ No hearing<br>☐ Hearing<br>DATE:<br>TIME:<br>COURTROOM:<br>PLACE:    411 W Fourth St<br>              Santa Ana, CA 92701 |

## I. Nature of Case

1. I, Calvin Tu Chen, bring this complaint pro se, for the discharge of my student loans under the "undue hardship" provision in 11 U.S.C. §523 (a)(8).

- 1 -

## II. Jurisdiction and Venue

2. I've filed a Chapter 7 Bankruptcy with the Court. Thus, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. Since this is an action regarding the dischargeability of student loans, this is a core proceeding under 28 U.S.C. §157(b)(2)(I). I consent to the Bankruptcy Court's entry of a final order.

3. The venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

## III. Parties

4. I, Calvin Tu Chen, am the plaintiff in this case. My address and information are noted at the beginning of this complaint.

5. The Defendant US Department of Education and its loan servicer Nelnet are qualifying government units which make, insure, and guarantee student loans.

6. The Defendant University of Southern California is a non-profit institution that issued an educational loan titled "Health Profession Student Loan."

## IV. Statement of Facts

7. During the period of 2008-2015, I took out multiple federal student loans to obtain my bachelor's degree at U.C. Santa Barbara, and then my Doctor of Pharmacy at University of Southern California (USC). Upon graduation from USC, I consolidated all my federal loans with a federal loan servicer (previously Great Lakes Borrower Services, currently Nelnet).

8. Additionally, I took out a Health Professions Student Loan offered by University of Southern California.

9. Prior to filing Ch. 7 Bankruptcy, my consolidated loan balance was $373,667. The balance for the Health Professions Student Loan was $4.897.

10. In 2015 I was diagnosed with my second mental health disorder, which diminished my ability to get licensed as a pharmacist as well as find meaningful, sustained employment.

11. From 2015-2024 my mental illnesses got progressively worse, culminating in 2024 when I spent the year in and out of psychiatric hospitals. In October of 2024, Social Security designated my mental disorders as a disability (with a start date of March 2021).

12. I have been unemployed since March of 2021 when I had a Major Depressive Episode, with no indication that my disability will improve in the future.

### V. Determination of Dischargeability

13. An Attestation has been completed and will be delivered to the United States Attorney handling this case as per the Department of Justice's "Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation."

14. Using the three-factor Brunner test, excepting my student loans from discharge would constitute an undue hardship on the following basis:

a. With a sole monthly income of $1,454 from Social Security Disability payments, my minimal expenses already leave me with no money leftover each month as described in Schedule J of the Bankruptcy filing. The addition of student loan payments would further prevent the ability to maintain a minimal standard of living.

b. My mental health disorders are chronic and recurrent; therefore, my disability is indicated to persist into the future – preventing my ability to increase my income via any meaningful form of employment.

c. I have made a good faith effort to repay both sets of loans. By consolidating my federal loans (Department of Education) and choosing an income-driven repayment plan, I've made payments totaling $996 during periods when I was healthy enough to work. For the Health

Professions Student Loan from USC, I have made payments totaling $7806 and utilized the maximum number of forbearances (three, for a total of 18 months). Both loans were also in administrative forbearance during the Covid-19 student loan executive order.

WHREFORE, I, the plaintiff, respectfully request the Court enter an Order finding that excepting my student loans from discharge would impose an undue hardship as provided in 11 U.S.C. §523 (a)(8).

Date: 2/12/25

Respectfully submitted,

By: _____

Calvin Tu Chen

Pro se plaintiff/debtor